Graham, Judge,
delivered the opinion of the court.
This suit arose out of what is commonly termed a cost-plus contract for the construction of the naval bulkhead at the Hampton Roads Naval Base. The defendant was to furnish and pay for all materials. The defendant was to repay the plaintiff the cost incurred in performing the work and a percentage fee on such cost. The work was completed according to the contract and the plaintiff was paid a certain amount, minus a sum which he claimed to be due, and signed a conditional release, reserving its rights to certain expenditures on which the defendant had refused payment. These reservations in effect cover the claims in this suit.
The amount involved here, including the percentage of the plaintiff, is not in controversy. The defendant admits that the expediters were employed and that the expenses were incurred.
The items in dispute here grew out of the difficulty which the plaintiff experienced in securing labor to do the work, owing to the competition with other Government work, the country being at that time at war, and having materials properly delivered. In order to hurry up the work and secure the necessary labor and expedite the shipments of materials the plaintiff, at the suggestion of the officer in charge of - the work, employed men termed “ expediters,” whose business was to travel to different places to secure labor, see that the labor was brought to the works, and to follow up and secure the prompt delivery of materials.
In some cases the approval of the officer in charge of the employment of expediters was secured in advance of cm- *301 ployment. In every case when the bill was rendered for expenses incurred in connection with these expenditures it was approved by the officer in charge. The contract provided that the plaintiff should receive a sum equal to the cost of the work, plus 10 per cent thereof. In defining what was the cost of the work the following were embraced :
“(a) All labor and material applied to both temporary and permanent construction, exclusive of plant.
* ‡ * t'.i * Ü¡ *
“(6) Such other necessary expenses connected with the work not specifically excluded in this addendum, as may be approved by the officer in charge as representing actual and essential elements in the cost of the work.”
It is plain, under section (5), that any necessary expenses not specifically excluded which should receive approval of the officer in charge were to be regarded as actual and essential elements in the cost of the work. All of these items not only received the approval of the officer in charge, but these employments originally grew out of his suggestion. As stated, the country was at war and it was necessary that work of every kind should be expedited as much as possible. The plaintiff acted in perfect good faith, performed the work according to his contract, and was within the time fixed by the contract. See Austin Co. v. United States, 58 C. Cls. 98, 134.
In addition to the sums claimed in connection with the employment of expediters there is a claim for war taxes paid by the plaintiff. While transportation for the United States was not subject to war tax, during the early part of the work no arrangements had been made with the railroads for exemptions with the result that the plaintiff in order to get the materials was obliged to pay a number of freight bills with war tax added. The tax so paid on these bills was repaid to the plaintiff by the disbursing officer. Thereafter there was a change in disbursing officers and repayment was refused. Later a system of exemption certificates was arranged, but before these arrangements were consummated the plaintiff had to pay out certain amounts for war taxes which, as stated, the disbursing officer refused to repay. Plaintiff had also paid out war taxes on telegrams, express *302 charges, and passenger fares and these he could not avoid paying. These expenditures for war tax are clearly within the contemplation of the contract, and should not be borne by the plaintiff. In any event they were, in the view of the officer in charge who approved the vouchers, necessary expense in connection with the work and represented actual and essential elements of cost.
Judgment should be entered for the plaintiff against the defendant in the sum claimed in the petition, $4,672.80, and it is so ordered.
Hat, Judge; DowNet, Judge; Booti-i, Judge; and Campbell, Chief Justice, concur.